IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES FIRE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS PRIETO,<br><br>Defendant. | CIVIL NO. 19-00186 JAO-RT<br><br>ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND (2) STAYING ACTION |

**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF
UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT AND (2) STAYING ACTION**

In this declaratory action, Plaintiff United States Fire Insurance Company ("Plaintiff") seeks a determination that it has no duty to indemnify Defendant Nicholas Prieto ("Defendant") under the applicable Homeowners Protection Plan Special Policy ("Policy") for the claims asserted against Defendant in *Aerica Cates, Individually and as Guardian Prochein Ami for Jane Doe v. State of Hawaii, et al.*, Civil No. 18-1-0124 JKW (Haw. 5th Cir. Ct.). Plaintiff requests summary judgment on the basis that Defendant is not entitled to coverage and the Policy does not provide coverage for punitive damages. For the following reasons,

the Court hereby DENIES WITHOUT PREJUDICE Plaintiff's Motion for

Summary Judgment, ECF No. 21, and STAYS this action.

BACKGROUND

I.    Factual History

      A.    Underlying Action

On August 28, 2018, Aerica Cates ("Cates") filed an action against

Defendant and the State of Hawaiʻi in the Circuit Court for the Fifth Circuit, State

of Hawaiʻi.  Cates and Defendant were in a relationship and share a daughter, Jane

Doe.  Pl.'s Concise Statement of Facts ("CSF") Ex. A, ECF No. 22-3 ¶¶ 5–6.

Cates alleges that following their separation, Defendant sexually abused Jane Doe

during unsupervised visits.  *Id.* ¶¶ 7–9, 21, 38.  Cates accuses the State, through

Child Protective Services ("CPS") and Child Welfare Services ("CWS"), of failing

to take appropriate action following Jane Doe's pediatrician's reports of abuse and

forcing Jane Doe to resume visitation with Defendant.  *Id.* ¶¶ 10–20, 22–29.

Cates asserts the following claims against Defendant:  assault and battery;

intentional infliction of emotional distress; negligent infliction of emotional

distress; and negligence.  *Id.* at 8–9.  Cates also prays for general, special, and

punitive damages; costs and attorneys' fees; pre- and post-judgment interest; and

other just and appropriate relief.  *Id.* at 10.

On March 7, 2019, the State filed a cross-claim against Defendant, asserting that any injuries and/or damages sustained by Cates were the result of Defendant's wrongful acts and/or omissions, and not the result of the State's negligence, wrongful acts, and/or omissions.  Pl.'s CSF, ECF No. 22 ¶ 20; Pl.'s CSF Ex. B, ECF No. 22-4 at 8–9 ("State Cross-Claim") ¶ 2.  The State additionally avers that Defendant's acts were primary, while its negligence, "if any, was passive and secondary[.]"  Pl.'s CSF ¶ 20; State Cross-Claim ¶ 3.  Due to its purported lack of culpability, the State seeks defense, indemnification, contribution, and/or reimbursement from Defendant.   Pl.'s CSF ¶ 20; State Cross-Claim ¶¶ 2–3.

By letter dated April 5, 2019, Plaintiff's counsel informed Defendant that it would defend him in the underlying lawsuit pursuant to a full reservation of rights under the Policy.  Pl.'s CSF ¶ 21; Decl. of Counsel, Richard Miller ("Miller Decl."), ECF No. 22-1 ¶ 6.

B.     The Policy

Defendant is the named insured of the Policy for the period October 5, 2015 to October 5, 2016, insuring the property located at 2760 Ohana Aina Place, Kalaheo, HI 96741.  Pl.'s CSF ¶ 22; Ex. C, ECF No. 22-5 at 5.   The Policy contains the following pertinent definitions:

> 1. **"Bodily injury"** means bodily harm, sickness or disease, including required care, loss of services and death that results.

2. **"Personal injury"** means any injury arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment or malicious prosecution; or

    b. Libel, slander or defamation of character; or

    c. Invasion of privacy, wrongful eviction or wrongful entry.

. . . .

7. **"Property damage"** means physical injury to, destruction of, or loss of use of tangible property.

Pl.'s CSF ¶ 23; Ex. C at 12–13.  The Policy's personal liability coverage provision states:

## SECTION II – LIABILITY COVERAGES

## COVERAGE E – PERSONAL LIABILITY

If a claim is made or a suit is brought against an insured for damages because of **bodily injury, personal injury, or property damage** caused by an **occurrence** to which this coverage applies, we will:

1. Pay up to our limit of liability for the damages for which the **insured** is legally liable; and

2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

4

Pl.'s CSF ¶ 23; Ex. C at 25.  Applicable here, the Policy contains the following

exclusions:

### SECTION II – EXCLUSIONS

1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others** do not apply to **bodily injury, personal injury, or property damage**:

   a.  Which is expected or intended by the **insured**[.]

Pl.'s CSF ¶ 23; Ex. C at 26.  The special provisions portion of the Policy alters

certain of the aforementioned provisions.  It deletes subsection 1 of the personal

liability provision and replaces the definition of "occurrence"[1] with the following:

6.  **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:

   a. **Bodily injury**
   b. **Personal injury**; or
   c. **Property damage**.

---

[1]  Within the Policy itself, "occurrence" is defined as follows:

6. **"Occurrence"** means an accident, including exposure to conditions, which results, during the policy period, in:

   a. **Bodily injury**;
   b. **Personal injury**; or
   c. **Property damage**.

Pl.'s CSF ¶ 23; Ex. C at 13.

Pl.'s CSF ¶ 23; Ex. C at 42–43.  The Policy's exclusions section in the

supplemental provisions states:

> Under item 1. **Coverage E – Personal Liability and Coverage F – Medical Payments to Others**, items a., b. and e. are deleted and replaced by the following in all forms.
>
> a.  Arising out of:
>
> > (1)  An intentional or criminal act by the **insured**; and
> >
> > (2)  The **bodily injury, personal injury, or property damage** could reasonably be expected to result from the act.
>
> However, this exclusion does not apply to an act of assault and/or battery if committed to protect persons or property.

Pl.'s CSF ¶ 23; Ex. C at 45.

II.    Procedural History

Plaintiff commenced this action on April 11, 2019 seeking a declaration

pursuant to 28 U.S.C. § 2201 that under the Policy, it has no duty to defend or

indemnify Defendant in the underlying action.  Compl. ¶ 4.

On March 9, 2020, Plaintiff filed the present Motion.

LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R.

Civ. P. 56(a).  "A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

6

the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party. *See State Farm Fire & Cas. Co. v. Martin*, 872 F.2d 319, 320 (9th Cir. 1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See T.W. Elec.*, 809 F.2d at 630; Fed. R. Civ. P. 56(c). The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. *See Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec.*, 809 F.2d at 630; *Blue Ocean Pres. Soc'y v. Watkins*, 754 F. Supp. 1450, 1455 (D. Haw. 1991).

If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990); Fed. R. Civ.

7

P. 56(e).  There is no genuine issue of fact if the opposing party fails to offer

evidence sufficient to establish the existence of an element essential to that party's

case.  *See Celotex*, 477 U.S. at 322; *Citadel Holding Corp. v. Roven*, 26 F.3d 960,

964 (9th Cir. 1994) (citing *id.*); *Blue Ocean*, 754 F. Supp. at 1455 (same).

In considering a motion for summary judgment, "the court's ultimate inquiry

is to determine whether the 'specific facts' set forth by the nonmoving party,

coupled with undisputed background or contextual facts, are such that a rational or

reasonable jury might return a verdict in its favor based on that evidence."  *T.W.

Elec.*, 809 F.2d at 631 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255

(1986)) (footnote omitted).  Inferences must be drawn in favor of the nonmoving

party.  *See id.*  However, when the opposing party offers no direct evidence of a

material fact, inferences may be drawn only if they are reasonable in light of the

other undisputed background or contextual facts and if they are permissible under

the governing substantive law.  *See id.* at 631–32.  If the factual context makes the

opposing party's claim implausible, that party must come forward with more

persuasive evidence than otherwise necessary to show there is a genuine issue for

trial.  *See Bator v. Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994) (citing *Cal.

Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468

(9th Cir. 1987)).

DISCUSSION

Plaintiff seeks a declaration that it has no duty to defend or indemnify Defendant on three grounds:  (1) the underlying lawsuit does not involve a "bodily injury," "property damage," or "personal injury" caused by an "occurrence"; (2) coverage is precluded by the Policy's exclusion for intentional or criminal acts; and (3) the Policy does not cover punitive damages.  Defendant counters that the Court should abstain from exercising jurisdiction because Plaintiff failed to include claimant Aerica Cates ("Cates") as a party to this action, which will result in incomplete resolution of the coverage issue and require resolution of Hawaiʻi law. Defendant also contends that summary judgment is inappropriate because Cates asserts a negligence claim, therefore raising a potential for coverage.

In this diversity action, the Court applies state substantive law and federal procedural law.  *See Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011); *Allstate Ins. Co. v. Riihimaki*, Civ. No. 11-00529 ACK-BMK, 2012 WL 1983321, at *6 (D. Haw. May 30, 2012) (citation omitted). "A federal court interpreting state law is bound by the decisions of a state's highest court.  [When a] case raises issues of first impression under Hawaii law, the Court, 'sitting in diversity, must use its best judgment to predict how the Hawaii Supreme Court would decide [the] issue.'" *Riihimaki*, 2012 WL 1983321, at *6 (quoting *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 944 (9th Cir.

9

2004)) (first alteration added).  A federal court may look to well-reasoned decisions from other jurisdictions to predict how the issue would be decided.  *See Takahashi v. Loomis Armored Car Serv.*, 625 F.2d 314, 316 (9th Cir. 1980) (citation omitted).

I.    Whether Cates Is an Indispensable Party

Defendant conflates the Federal Rule of Civil Procedure ("FRCP") 19 inquiry with the propriety of abstaining in this declaratory action.  These are separate inquiries and the Court begins with Defendant's argument that Plaintiff failed to include Cates as a defendant in this action.

"Rule 19 governs compulsory party joinder in federal district courts." *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 778 (9th Cir. 2005).  Defendant has not identified the FRCP 19 provision that purportedly applies, but the Court finds that subsection (a) is relevant.  It provides:

(a) Persons Required to Be Joined if Feasible.

(1) *Required Party.*  A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

10

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).  Although not raised by Plaintiff, the Court finds that Defendant waived his FRCP 19 argument.  Pursuant to FRCP 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."  Fed. R. Civ. P. 12(b).  The "failure to join a party under Rule 19" defense (FRCP 12(b)(7)) may be asserted by motion, but a defendant must do so "before pleading if a responsive pleading is allowed."  Fed. R. Civ. P. 12(b).  Indeed, "failure to join necessary parties is waived if objection is not made in defendant's first responsive pleading; it is only the absence of an indispensable party which may (possibly) be raised later."  *Citibank, N.A. v. Oxford Props. & Fin. Ltd.*, 688 F.2d 1259, 1262 n.4 (9th Cir. 1982) (citations omitted).  "Failure to state a claim upon which relief can be granted, to join a person required by Rule 19*(b)*, or to state a legal defense to a claim" are exempted from FRCP 12(b)(6)'s timing requirement.  Fed. R. Civ. P. 12(h)(2) (emphasis added).  Even these defenses must be raised in a pleading, an FRCP 12(c) motion, or at trial, however.  *See id.*  Defendant raised the FRCP 19(a) defense for the first time *in opposition* to this Motion, not in his Answer or a motion to dismiss.

11

Accordingly, Defendant has waived any defense that Cates is a necessary party.[2]

*See*, *e.g.*, *Baykeeper v. Union Pac. R.R. Co.*, No. C 06-02560 JSW, 2009 WL 1517868, at *3 (N.D. Cal. June 1, 2009) (holding that the defendants waived the issue of whether the State was a necessary party).

II.     Whether to Exercise Jurisdiction

      Defendant also argues that the Court should decline to exercise jurisdiction. The Declaratory Judgment Act ("DJA"), codified at 28 U.S.C. § 2201(a), provides in relevant part:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

---

[2]  Even if Defendant had not waived this argument, Cates is not a necessary party. First, complete relief—declaration regarding Plaintiff's duties—can be accorded to the existing parties without Cates.  *See* Fed. R. Civ. P. 19(a)(1)(A); *Okada v. MGIC Indem. Corp.*, 608 F. Supp. 383, 390 (D. Haw. 1985) ("The presence of the injured claimant is not required in a suit to determine an alleged tortfeasor's insurance coverage." (citation omitted)), *aff'd in part and rev'd in part on other grounds by* 795 F.2d 1450 (9th Cir. 1986).  Second, FRCP 19(a)(1)(B) is inapplicable because Cates has not claimed an interest in this action.  *See Altmann v. Republic of Austria*, 317 F.3d 954, 971 (9th Cir. 2002) ("Joinder is 'contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the action.'  Where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder was 'unnecessary.'" (citations omitted)).

28 U.S.C. § 2201(a).  The Court has the discretion "to determine whether it is 'appropriate' to grant jurisdiction in a declaratory relief action based in diversity." *Gov't Emps. Ins. Co. v. Dizol*, 176 F. Supp. 2d 1005, 1017 (D. Haw. 2001) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–89 (1995)) (other citation omitted); *see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002) ("[T]he decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court").  "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically."  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc); *see Huth*, 298 F.3d at 803.  In fact, insurers are not "barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage."  *Dizol*, 133 F.3d at 1225 (quoting *Aetna Cas. & Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)).

The Court's discretion is governed by the factors enumerated in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942):  (1) avoidance of needless determination of state law issues; (2) discouragement of the filing of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation.  *See Dizol*, 133 F.3d at 1225 (footnote and citation omitted).  The Ninth Circuit additionally considers whether there is a parallel state proceeding.  *See id.*; *Phoenix*

*Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp.

2d 1214, 1219–20 (D. Haw. 2000).

As a general rule, district courts should not decline to entertain claims for

declaratory relief when the declaratory action joins other claims (i.e., bad faith,

breach of contract, breach of fiduciary duty, rescission, or claims for other

monetary relief).  *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102,

1112 (9th Cir. 2001) (citing *Dizol*, 133 F.3d at 1225; *Chamberlain v. Allstate Ins.

Co.*, 931 F.2d 1361 (9th Cir. 1991); *Maryland Cas. Co. v. Knight*, 96 F.3d 1284

(9th Cir. 1996); *St. Paul Fire & Marine Ins. Co. v. F.H.*, 117 F.3d 435 (9th Cir.

1997); *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163 (9th Cir.

1998) (per curiam)).  "If a federal court is required to determine major issues of

state law because of the existence of non-discretionary claims, the declaratory

action should be retained to avoid piecemeal litigation."  *Dizol*, 133 F.3d at 1225–

26 (citation omitted).  Thus, the Court must ascertain "whether there are claims in

the case that exist independent of any request for purely declaratory relief, that is,

claims that would continue to exist if the request for a declaration simply dropped

from the case."  *Snodgrass*, 147 F.3d 1163 at1167–68 (citations omitted).

Here, Plaintiff's request for relief is limited to a declaration that it has no

duty to defend or indemnify Defendant under the Policy.  Because the instant

action is declaratory in nature, jurisdiction remains discretionary.  The Court therefore considers each *Brillhart* factor in turn.

A.    Needless Determination of State Law

Needless determination of state law may occur when:  there are parallel state proceedings involving precise state law issues; Congress expressly reserved the area of law for the states; and there is no compelling federal interest, e.g., diversity jurisdiction.  *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d 1220.

1.    Parallel State Proceeding

Defendant suggests that the state action is a parallel proceeding.  Plaintiff disputes the current existence of a parallel state proceeding.  When a parallel state proceeding involving the same issues and parties exists at the time the federal declaratory judgment action is filed, there is a presumption that the declaratory action should be heard in state court.  *See Dizol*, 133 F.3d at 1225 (citation omitted).  This is because it would ordinarily "be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  *Brillhart*, 316 U.S. at 495.

Construing "parallel actions" liberally, the Ninth Circuit has held that state actions need not involve the same parties or the same issues to be parallel.  "It is

enough that the state proceedings arise from the same factual circumstances."

*Golden Eagle Ins. Co. v. Travelers Cos*., 103 F.3d 750, 754–55 (9th Cir. 1996)

(citing *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995),

*overruled on other grounds by Dizol*, 133 F.3d 1220)), *overruled on other grounds*

*by Dizol*, 133 F.3d 1220; *see Emp'rs Reins. Corp. v. Karussos*, 65 F.3d 796, 798,

800 (9th Cir. 1995) (holding that the district court abused its discretion to retain

jurisdiction in an insurance coverage action even though the state and federal court

actions raised overlapping, but not identical, factual issues, and the insurer was not

a party to the state court action), *overruled on other grounds by Dizol*, 133 F.3d

1220; *Hungerford*, 53 F.3d at 1017 ("[W]hen an ongoing state proceeding involves

a state law issue that is predicated on the same factual transaction or occurrence

involved in a matter pending before a federal court, the state court is the more

suitable forum for a petitioner to bring a related claim.").

　　　There is some inconsistency within this district as to whether an underlying

state court action on liability is parallel when the insurer is not a party to that

action and the federal action exclusively concerns insurance coverage.  Many cases

apply the Ninth Circuit's liberal test to find a parallel action,[3] while others limit

---

[3] *See*, *e.g.*, *Ford v. State Farm Mut. Auto. Ins. Co.*, Civil No. 16-00220 JMS-KJM,
2016 WL 6275181, at *6 (D. Haw. Aug. 31, 2016) (concluding that the state and
federal actions were "parallel proceedings" because they arose out of the same
factual circumstances), *adopted by* 2016 WL 5339348 (D. Haw. Sept. 22, 2016);

(continued . . .)

such a finding to actions involving overlapping parties and issues.[4]  The latter is

due in part to reliance on *Dizol* instead of *Hungerford*, *Golden Eagle*, and

---

(. . . continued)
*Windnagle v. State Farm Mut. Auto. Ins. Co.*, Civil No. 16-00218 JMS-KJM, 2016 WL 6275183, at *6 (D. Haw. Aug. 31, 2016) (same), *adopted by* 2016 WL 5339347 (D. Haw. Sept. 22, 2016); *Choy v. Cont'l Cas. Co.*, Civil No. 15-00281 SOM-KSC, 2015 WL 13260487, at *6 (D. Haw. Oct. 20, 2015) (concluding the underlying action was a parallel state proceeding because ascertaining the defendants' duties required a comparison of allegations made in the underlying action with insurance provision, the duty to defend turned on whether those allegations raised any possibility of coverage, and the duty to indemnify rested on factual determinations made in the underlying action), *adopted by* 2015 WL 7588233 (D. Haw. Nov. 25, 2015); *Catholic Foreign Mission Soc'y of Am., Inc. v. Arrowood Indem. Co.*, 76 F. Supp. 3d 1148, 1157 (D. Haw. 2014) (concluding the underlying state court lawsuits were sufficiently parallel because the defendant's insurance coverage duties required a comparison of the allegations in the underlying complaints with the insurance policies' provisions and the duty to indemnify rested on factual determinations from the underlying state cases); *Allstate Ins. Co. v. Am. Piping & Boiler Co.*, Civil No. 14-00049 DKW-BMK, 2014 WL 12597040, at *3 (D. Haw. Oct. 17, 2014) (determining that the federal and state complaints were parallel proceedings because they involved the extent of liability in the underlying action); *First Mercury Ins. Co. v. Riviera*, Civil No. 12-00461-KSC, 2013 WL 5376027, at *4 (D. Haw. Sept. 24, 2013) (concluding proceeding was parallel notwithstanding the lack of identical issues and parties); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 923–24 (D. Haw. 2011) (concluding that there was a parallel proceeding even though the parties in the federal action were not parties in the state action and the insurance policies were not at issue in the state action; noting that the same policy language, factual background, and legal questions were at issue); *Phoenix Assurance*, 125 F. Supp. 2d at 1223 (D. Haw. 2000) (concluding a pending state court proceeding was parallel where it arose "from the same factual circumstances, as in *Golden Eagle*," and "similarly to *Karussos*, there [we]re state court proceedings with overlapping questions and the fact that the Underwriters [we]re not a party [was] inconsequential").

[4]  *See*, *e.g.*, *Hartford Underwriters Ins. Co. v. Masters*, Civ. Nos. 10-00629 JMS-

(continued . . .)

*Karussos*.  However, the *Dizol* court overruled *Hungerford*, *Golden Eagle*, and

*Karussos* only to the extent they conflicted with its primary holding:

> [W]hen constitutional and statutory jurisdictional prerequisites to hear a case brought pursuant to the Declaratory Judgment Act have been satisfied, the district court may proceed with consideration of the action without sua sponte addressing whether jurisdiction should be declined. . . . If a party has properly raised the issue before the district court, the court must record its reasoning for exercising jurisdiction in accordance with *Brillhart* and the general considerations we have described herein.

*Dizol*, 133 F.3d at 1227.  *Dizol* did not affect the parallel proceeding inquiry.  *See*

*Nat'l Union*, 829 F. Supp. 2d at 923 n.15 (explaining that the narrow overruling in

*Dizol* did not alter the inquiry into what makes a state action parallel).

---

(. . . continued)
BMK, 11-00174 JMS-BMK, 2011 WL 2173779, at *9 (D. Haw. June 2, 2011) (concluding there was no parallel proceeding because the insurer was not a party to the underlying action nor could it be, and the underlying action concerned liability while the declaratory action involved duties to indemnify and defend); *Gemini Ins. Co. v. Clever Constr., Inc.*, Cv. No. 09-00290 DAE-BMK, 2009 WL 3378593, at *7 (D. Haw. Oct. 21, 2009) (holding that there is no parallel proceeding because the underlying arbitration proceeding did not directly involve litigation on the insurers' duties to indemnify or defend and the legal issues were separate and different); *State Farm Fire & Cas. Co. v. Scott*, Civil No. 06-00119 SOM/BMK, 2007 WL 9711107, at *6–7 (D. Haw. Jan. 10, 2007) (denying the defendants' motion that the court decline to exercise its discretionary jurisdiction because State Farm was not party to the state court action, would not likely be able to intervene to raise coverage issues, and insurance coverage was not an issue in the state court action).

18

If anything, *Dizol* reaffirmed the circumstances under which a *presumption* that a case should be heard in state court arises—when "parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed." *Dizol*, 133 F.3d at 1225 (citing *Chamberlain,* 931 F.2d at 1366–67); *see Hartford*, 2011 WL 2173779, at *9 n.8 (acknowledging that *Hungerford*, *Golden Eagle*, and *Karussos* "provide a more flexible approach to analyzing whether two actions are 'parallel,'" but stating that *Dizol* articulates the "proper standard that a presumption in favor of declining jurisdiction applies only if there are parallel state proceedings involving the same issues and parties" (citation and internal quotation marks omitted)).  "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief," *Dizol*, 133 F.3d at 1225 (citation omitted), nor does the absence of a parallel state proceeding involving the same issues and parties require a court to exercise its discretionary jurisdiction under the DJA.  *See Nat'l Union*, 829 F. Supp. 2d at 925; *Phoenix Assurance*, 125 F. Supp. 2d at 1223 ("Furthermore, even if the lack of a mirror-image state court proceeding meant that there was not a parallel proceeding, the Ninth Circuit in *Dizol* made clear that whether or not there is a parallel proceeding is merely one factor to be considered in addition to the three *Brillhart* factors when deciding whether to accept or decline jurisdiction." (citation omitted)).

19

In the present case, the underlying liability action constitutes a parallel state proceeding even though Plaintiff is not a party to it because the state and federal actions arise from the same factual circumstances.  *See Allstate Ins. Co. v. Wilson*, 116 F.3d 1485 (table), 1997 WL 355858, at *3 (9th Cir. June 27, 1997) (holding that the underlying state action and federal declaratory action arise from a stabbing incident, i.e. the same "factual transaction or occurrence," and that "any factual difference between these actions is not dispositive because Allstate 'could have presented the issues that it brought to federal court in a separate action to the same court that will decide the underlying tort action.'" (quoting *Karussos*, 65 F.3d at 800; *Golden Eagle*, 103 F.3d at 754–55)).  To wit, both actions arise from allegations that Defendant sexually abused Jane Doe.

Moreover, ascertaining Plaintiff's duties requires a comparison between the Policy's provisions and the allegations in the underlying complaint.  *See Catholic Foreign Mission*, 76 F. Supp. 3d at 1157.  Plaintiff's duty to defend turns on whether allegations asserted in the state court action raise any possibility of coverage under the relevant policies and its duty to indemnify rests on factual determinations made in the state court action.  *See id.*  The existence of a parallel state action weighs strongly in favor of declining jurisdiction.

2.      Area of Law Reserved for the States

The dispute in this declaratory judgment action—solely implicating

insurance law—concerns an area of law expressly left to the states by Congress

through the McCarran-Ferguson Act.  *See Robsac*, 947 F.2d at 1371 (citing 15

U.S.C. §§ 1011–12 (1988)).  Courts abstain from hearing declaratory judgment

actions for the construction of insurance policies when "unresolved state law issues

are present in a field of law where the state has shown its interest by significant

legislative activity and administrative regulation."  *Smith v. State Farm Ins. Co.*,

615 F. Supp. 453, 455 (D. Haw. 1985) (citation omitted).  This is because "[t]he

states regulate insurance companies for the protection of their residents, and state

courts are best situated to identify and enforce the public policies that form the

foundation of such regulations."  *Karussos*, 65 F.3d at 799 (alteration in original)

(citations omitted).

In assessing whether the exercise of jurisdiction over a declaratory judgment

action involves a needless determination of state law, courts focus on "unsettled

issues of state law, not fact-finding in the specific case."  *Allstate Ins. Co. v. Davis*,

430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (quoting *Nat'l Chiropractic Mut. Ins.

Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998)); *see Hartford*, 2011 WL

2173779, at *9 ("Thus, the court assesses not merely whether the action raises a

state law issue (which is the case for almost all diversity actions), but rather

21

whether it presents an *unsettled* issue of state law.").  "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an "uncertain" and "ephemeral" interpretation of state law.'"  *Davis*, 430 F. Supp. 2d at 1120 (alteration in original) (citation omitted).

This district regularly interprets insurance policies under Hawaiʻi law to determine an insurer's obligation(s) to its insured.  *See id.*  However, while the Court is capable of deciding the issue before it, proceeding with a declaratory judgment may nevertheless result in the unnecessary determination of state law. Thus, while the Court believes that the legal issues here should be addressed by the state court, even if a federal declaratory judgment action does not present an open question of state law requiring resolution by a state court, it is not an abuse of discretion to decline jurisdiction.  *See Huth*, 298 F.3d at 804.

### 3.    Absence of Compelling Federal Interest

Finally, there is no compelling federal interest.  Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Robsac*, 947 F.3d at 1371.  Balancing the foregoing, the first *Brillhart* factor weighs in favor of dismissal.

B.    Forum Shopping

The second *Brillhart* factor favors neither retention nor declination of jurisdiction.  Plaintiff initiated this action after the underlying action was underway.  Because diversity jurisdiction provides a basis to bring suit in federal court, Plaintiff did not engage in forum shopping.  *See First State Ins. Co. v. Callan Asssocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III.").  This case simply presents a situation where Plaintiff prefers federal resolution.  *See Huth*, 298 F.3d at 804.  Accordingly, the Court finds that this factor is neutral and does not weigh in favor of accepting or declining jurisdiction.

C.    Duplicative Litigation

The third *Brillhart* factor—avoidance of duplicative litigation—favors the declination of jurisdiction.  Plaintiff argues that there is no risk of duplicative litigation because its coverage obligations are based on the allegations against Defendant, not his ultimate liability.  Findings on ultimate liability are not necessary for this Court to evaluate coverage issues but that does not mean the underlying action and current proceedings have no impact on each other.

The Court acknowledges that there is no presumption in favor of declining jurisdiction here because the underlying action, while parallel for the reasons stated above, does not involve the same issues and parties.  That said, the existence of a parallel state proceeding weighs in favor of declining jurisdiction.  Additionally, adjudicating this action could potentially lead to inconsistent results, as coverage and related factual determinations here might affect the underlying proceedings.  Imposing a stay could avoid duplicative litigation by allowing the resolution of the underlying action—which is in a later stage of the proceedings than this action— and potentially narrow or eliminate coverage issues here.

For these reasons, the *Brillhart* factors weigh in favor of declining jurisdiction.

D.   <u>Other Factors</u>

In addition to the *Brillhart* factors, the Court addresses other considerations identified in *Dizol*:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

24

*Dizol*, 133 F.3d at 1225 n.5 (citation omitted).  The Court finds that on balance, these factors also weigh in favor of declining jurisdiction.  First, this action would not settle all aspects of the controversy, as issues in the state court action bear on the coverage issues presented in this action and coverage determinations would not resolve the underlying liability issues.  Second, resolution of the instant action would result in some entanglement between the federal and state court systems.  Although this Court's determination about coverage would serve a useful purpose in clarifying the legal relations at issue, determinations about the underlying claims might affect this litigation.  Last, concerns about procedural fencing/res judicata weigh in favor of declining jurisdiction.  There is no evidence that Plaintiff engaged in procedural fencing or that it seeks a res judicata advantage, but if this case proceeds simultaneously with the underlying action, rulings in this case may affect the rights of the parties in the underlying action.  The convenience to the parties is a wash because the convenience of litigating in either forum is equivalent.

In sum, after considering and weighting the *Brillhart* and *Dizol* factors, the Court finds that they weigh in favor of declining to exercise jurisdiction over this action.  However, the Court elects to stay, rather than dismiss, this action.  Courts are authorized to stay actions upon a finding that the *Brillhart*/*Dizol* factors warrant declining jurisdiction.  *See Wilton*, 515 U.S. at 288 n.2 ("We note that

where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." (citation omitted)); *see also Am. Piping*, 2014 WL 12597040, at *4; *First Mercury*, 2013 WL 5376027, at *7; *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1146 (D. Haw. 2010); *Phoenix Assurance*, 125 F. Supp. 2d at 1223.

Accordingly, this action is HEREBY STAYED, and Plaintiff's Motion for Summary Judgment is DENIED WITHOUT PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated herein, the Court DENIES WITHOUT PREJUDICE Plaintiff's Motion for Summary Judgment, ECF No. 21, and STAYS this action. The Court administratively closes this case during the pendency of the stay. The parties shall submit a joint status report every 90 days, starting on October 1, 2020, updating the Court about the underlying action. Any party may move to lift the stay at the conclusion of the underlying proceedings or based on a change in circumstances.

//

//

//

26

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, June 18, 2020.



Jill A. Otake
United States District Judge

Civil No. 19-00186 JAO-RT; *United States Fire Insurance Co. v. Prieto*; ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF UNITED STATES FIRE INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND (2) STAYING ACTION

27